**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| AURIE BONNER, JR., | * | |
| Claimant, | * | |
| v. | * | CASE NO. 5:05-CV-339 (CAR) |
| | | Social Security Appeal |
| JO ANNE BARNHART, | * | |
| Commissioner of Social Security, | | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## Administrative Proceedings

Claimant filed an application for social security disability benefits in June of 1995. His application was denied initially and upon reconsideration. The Claimant requested a hearing in front of an administrative law judge (ALJ) which was held on August 8, 1996. (T-54-70). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated November 26, 1996 (T-33-44). Claimant requested review of the ALJ's finding by the Appeals Council and said request was granted. Thereafter, the Appeals

Council remanded Claimant's case for further review. On December 15, 1999, a new hearing was held. (T-71-98). On February 20, 2000, the ALJ again found that Claimant was not disabled. (T- 318-331). Claimant requested review by the Appeals Council, who again remanded the case for further review. (T-352-355).

On June 4, 2003, a third administrative hearing was held, and again, the ALJ found that Claimant was not disabled. (T-99-119, 15-31). Thereafter, the Appeals Council denied review, making the ALJ's June 2003 decision the final decision of the Commissioner.

## Statement of Facts and Evidence

The Claimant alleges he became disabled on May 31, 1995, due to a seizure disorder, lumbar disorder, borderline intellectual functioning and nerve problems. (T-19). After examining the medical records, the ALJ determined that the Claimant's impairments were severe within the meaning of the regulations. (T-21). The ALJ, however, found that his impairments, neither singularly nor in combination, were severe enough to meet or equal any Listing. *Id.* Thereafter, the ALJ found that Claimant had the residual functional capacity to perform light work and that Claimant would be unable to return to his past relevant work. (T- 27). The ALJ found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled.

## Legal Standards

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined

as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

## Discussion

The sole issue for determination is whether the ALJ's decision was based on substantial evidence, as is required by the Regulations. Under the Regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

In this instance, the ALJ first found that the Claimant was not working, and that he had impairments that affected his ability to work. (T-18-20). The ALJ's findings further reveal, as stated above, that Claimant had severe impairments, including a seizure disorder,

4

lumbar disorder, borderline intellectual functioning and nerve problems, but found, based on the medical records, that none of Claimant's impairments, either in individually or in combination, were severe enough to meet any of the relevant Listings. Specifically, the ALJ found, based on the medical evidence, as well as the testimony of the Claimant, that his subjective allegations regarding his pain were not fully credible. (T-25, 26). The ALJ further noted that the Claimant's records revealed several examples of non-compliance with prescribed medical treatment as well as several inconsistencies between Claimant's allegations and the treatment notes from his doctors. (T-26). Relying on the record, as well as the testimony of the vocational expert, the ALJ determined that Claimant had the residual functional capacity to engage in light exertional work, but that the Claimant would not be able to return to his past relevant work. (T-27).

After making the residual functional capacity determination, the ALJ was then required to establish if the Claimant could perform any other work in the national economy, taking into account the medically determinable impairments as found by the ALJ. The findings reveal that the ALJ then referred to the testimony of the vocational expert who attested that a person with Claimant's age, education and functional ability would be able to perform work which exists in significant numbers in the national economy. As such, the ALJ correctly concluded that the Claimant was not disabled.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's

contention that substantial evidence did not exist to support the ALJ's finding that he was not disabled. The ALJ took into account all of the Claimant's established physical limitations when asking the hypothetical question posed to the Vocational Expert. This Court further finds no error in the ALJ's finding that the Claimant had the residual functional capacity to perform light work and finds further that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

THIS the 6th day of December, 2006.

                                      S/ G. MALLON FAIRCLOTH
                                      UNITED STATES MAGISTRATE JUDGE

eSw